Cohn, J.
(dissenting). I dissent and vote to affirm for the reasons set forth by Mr. Justice Shientag at Special Term. Furthermore, in the case of Economy Co., Inc., v. Mucci, decided by this court a few weeks ago (271 App. Div. 968), we unanimously affirmed a judgment dismissing plaintiff’s complaint on the merits after a trial where, as here there was a written contract for the delivery of specific material but defendant contended that there was a contemporaneous oral agreement that the writing was not to become binding unless plaintiff was *277 able to obtain the material. In that case defendant was sued for damages for failure to deliver a crane in accordance with the written contract which provided for delivery of the machine within three weeks. Nevertheless, we held that the trial court, in rendering judgment for* the defendant, did not err (1) in receiving parol evidence of the condition precedent that the contract was not to become effective if defendant were unable to obtain the crane and (2) in deciding that the delivery of the machine was subject to such condition precedent.
Martin, P. J., Callahan and Peck, JJ., concur with Van Vooehis, J.; Cohn, J., dissents in opinion.
Orders reversed, with $20 costs and disbursements to the appellant and summary judgment directed to be entered in favor of the plaintiff against the defendant for damages to be computed by a referee based upon the 153,500 pounds of wire admittedly undelivered under the contract set forth in the first cause of action, and upon the undelivered wire called for by the contracts set forth in the third, fourth and fifth causes of action. This determination is without prejudice to an application for arbitration under article 84 of the Civil Practice Act in relation to the amount of damages, or in relation to any other matters in dispute between the parties arising out of the contracts of sales except the existence and binding force of the written contracts themselves, which has been established. Settle order on notice. [See post, p. 996.] °